**IN THE COURT OF APPEALS OF IOWA**

No. 13-1996
Filed March 9, 2016

**IN THE INTEREST OF J.E.,**
**Minor Child,**

**R.E., Father,**
        Appellant.

_____

        Appeal from the Iowa District Court for Wapello County, William S. Owens, Associate Juvenile Judge.


        A father appeals the termination of his parental rights.  **AFFIRMED.**


        Robert F. Bozwell Jr. of Bozwell Law Office, Centerville, for appellant father.

        Heather M. Simplot of Harrison, Moreland, Webber & Simplot, P.C., Ottumwa, for appellee mother.

        Mary Baird Krafka of Krafka Law Office, Ottumwa, guardian ad litem for appellee minor child.


        Heard by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

A father appeals the termination of his parental rights, asserting he did not abandon his child. On our de novo review, we find there is clear and convincing evidence the father abandoned his child as that term is defined in Iowa Code section 600A.8(3) (2013), and termination of his parental rights is in the child's best interests. We therefore affirm the ruling of the juvenile court.

**I. Background Facts and Proceedings.**

The mother, N.H., was sixteen years old when she started dating V.E., then eighteen years old, in February 2006. The child, J.E., was born in May 2007. The parents were never married. The couple lived with N.H.'s mother prior to J.E.'s birth. V.E. left the home sometime around August 2007. In December 2007, the mother sought a protective order against the father, asserting he had called and stated that if he did not get custody of J.E. for the holiday he would slice N.H. up and eat her alive. He also stated he would slice her throat. As a result, a five-year no-contact order issued on February 12, 2008.

V.E. was sent to prison in June 2010 to serve a five-year indeterminate term on two counts of possession of marijuana with intent to deliver. In August 2010, he was released to a halfway house for a short time, but he returned to prison based on violations of his conditions of release. V.E. discharged his sentence in December 2012.

In the meantime, N.H. met Ryan. They married in 2009 and have had two children together. N.H. and Ryan separated for a short time in 2011, but reconciled and remain together. J.E. recognizes only Ryan as her father.

On February 20, 2013, N.H. filed a petition to terminate V.E.'s parental rights, alleging the child was older than six months and the father had failed to pay child support as ordered by the court, failed to visit the child at least monthly when physically and financially able to do so, and failed to have regular communication with the child. V.E. objected to the termination of his parental rights. Following a trial, the juvenile court concluded V.E. had abandoned his child as defined by Iowa Code section 600A.8, and that termination of his parental rights was in the child's best interests.

V.E. now appeals.

## II. Scope and Standard of Review.

We review termination proceedings under chapter 600A de novo. *In re C.A.V.*, 787 N.W.2d 96, 99 (Iowa Ct. App. 2010). We give weight to the factual findings of the juvenile court, particularly with regard to witness credibility, but we are not bound by them. *In re G.A.*, 826 N.W.2d 125, 127 (Iowa Ct. App. 2012). When interpreting chapter 600A, the best interests of the child involved is "the paramount consideration," but we also give "due consideration" to the interests of the child's parents. Iowa Code § 600A.1.

We further note the parent petitioning for termination pursuant to Iowa Code section 600A.8(3)(b) has the burden to show the other parent has abandoned the child. *See id.* § 600A.8(3)(b); *see also G.A.*, 826 N.W.2d at 129. The juvenile court's termination decision must be based on clear and convincing evidence. Iowa Code § 600A.8.

**III. Discussion.**

The juvenile court may terminate parental rights if the petitioner proves by clear and convincing evidence the parent "abandoned the child." Iowa Code § 600A.8(3).

> "To abandon a minor child" means that a parent . . . rejects the duties imposed by the parent-child relationship . . . , which may be evinced by the person, while being able to do so, making no provision or making only a marginal effort to provide for the support of the child or to communicate with the child.

*Id.* § 600A.2(19). Further, if the child is six months of age or older,

> a parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

*Id.* § 600A.8(3)(b). Moreover, the "subjective intent of the parent, whether expressed or otherwise, unsupported by evidence of acts specified . . . does not preclude a determination that the parent has abandoned the child." *Id.* § 600A.8(c).

Here, N.H. has proved by clear and convincing evidence that V.E. abandoned the child as that term is defined in Iowa Code section 600A.8(3)(b). By the father's own testimony, he has not seen his child since 2011 and he has

no relationship with the child. The father testified he wrote two or three letters addressed to the child over the thirty-three months he was incarcerated. The record contains one letter dated December 22, 2011, in which the father informs the child, "Daddy was a lil naughty this year. I am in the hole till spring. . . . Daddy's got really big walls up all around him." He was released for a time and within a couple weeks returned to prison for violation of the conditions of his probation. He was released from prison in December 2012.

At the May 2013 termination trial, the father acknowledged he had paid no child support since his release. Records indicate that in June 2009 the father was ordered to pay $167.18 per month in child support. He paid no support in 2009 or 2010. In 2011, he paid about six dollars; in 2012, about thirteen dollars; and in 2013, about sixteen dollars. Thus, he has paid just over thirty-five dollars total in child support since the child support order issued in 2009.

In *In re D.M.*, 516 N.W.2d 888, 891 (Iowa 1994), our supreme court stated:

> We have characterized abandonment as "a giving up of parental rights and responsibilities accompanied by an intent to forego them." Two elements are involved in this characterization. First, the giving up of parental rights and responsibilities refers to conduct. Second, the intent element refers to the accompanying state of mind.
> In addition, "parental responsibilities include more than subjectively maintaining an interest in a child. The concept requires affirmative parenting to the extent it is practical and feasible in the circumstances."

(Citations omitted.)

While granting the father that his imprisonment hampered his ability to pay support and visit his child, he has not attempted affirmative parenting even to the

extent practical and feasible in the circumstances. He has not communicated with his child. Since his release, he has had income, yet has paid nothing toward the support of his child. To his credit, the father filed a petition to establish visitation on February 21, 2013, but—as the trial court found—it was "too little too late."

The father attempts to justify his lack of contact with his child by pointing to the five-year no-contact order. However, the protective order does not prohibit him from contacting his child—it protects the mother. We acknowledge the father may have had to make arrangements through counsel and obtain the assistance of a third-party to see his child; he did not do so. Such arrangements could have been attempted even while he was incarcerated. Although we acknowledge the father has had difficulties visiting the child and staying in contact with her, clearly the difficulties have been the result of his own actions and lifestyle.

The father also complains that termination of his parental rights is not in the child's best interests. Iowa Code section 600A.1 provides:

> The best interest of a child requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent. In determining whether a parent has affirmatively assumed the duties of a parent, the court shall consider, but is not limited to consideration of, the fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of a genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life.

Here, the child knows only one family, which includes her mother, step-father, and two half-siblings. Her mother and step-father have carried the burdens, responsibilities, and expenses of raising the child. The father's life choices absented him from the child's life for much of the child's six years. His claim that

he wants to be a part of the child's life rings hollow in light of those choices, which he acknowledges were made knowing it would interfere with his ability to parent his child. As stated by the trial court, "Given this evidence, and considering [J.E.'s] lack of relationship with [V.E.], his long criminal history, and his lack of any substantial effort to maintain contact with [the child], it would be in [the child's] best interests for [V.E.'s] parental rights to be terminated."

We affirm the termination of the father's parental rights pursuant to Iowa Code section 600A.8(3)(b).

**AFFIRMED.**